

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 3, 2026**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (FORT WORTH DIVISION)

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.  25-43579-elm11 |
| RWE Services, LLC | § | |
|     Debtor(s) | § | Final Hearing Date: February 4, 2026 |
| | § | Final Hearing Time: 1:30 p.m. |
| | § | |
| Deere & Company d/b/a John Deere Financial | § | |
|     Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| RWE Services, LLC | § | |
|     Debtor(s)/Respondent(s) | § | |
| | § | |

**AGREED ORDER ON DEERE & COMPANY d/b/a JOHN DEERE FINANCIAL 'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

ON THIS DAY, came on for consideration the Motion for Relief from Automatic Stay filed by Deere & Company d/b/a John Deere Financial ("Deere"). Deere announced to the Court that an agreement had been reached concerning the relief requested, with such agreement set forth in the

provisions of this Order as evidenced by the signatures of the respective attorneys. The Court, having considered the agreement of the parties, is of the opinion that the same should be given effect and it is, therefore

ORDERED that the automatic stay currently in effect in this case shall remain in effect with respect to Deere contingent upon the following:

1. The Debtor shall maintain, and upon request by Deere, provide proof of insurance consistent with its contractual obligations with Deere to Deere's undersigned counsel

2. The Debtor shall make monthly adequate protection payments to Deere in the amount of $5,035.00 beginning February 7, 2026 and continuing on the 7th day of each month thereafter until the Effective Date of the Debtor's Chapter 11 Plan.

3. The Debtor shall file an Amended Plan on or before February 18, 2026, unless otherwise agreed by the parties in writing or ordered by the Court, showing the specific treatment of Deere's claims, including the claim amounts to be paid, monthly payment amounts, interest rate and length of repayment which shall not exceed 36 months. The Plan shall further provide for the payment of Deere's attorney's fees and costs in the amount of $2,800.00.

4. The Debtor shall set the Amended Plan for confirmation and prosecute confirmation diligently, with a confirmation hearing to be sought on or before March 31, 2026, unless otherwise agreed by the parties or ordered by the Court. No default shall be deemed to have occurred as a result of delays attributable to the Court's calendar, continuances requested or required by the United States Trustee, or objections filed by parties in interest.

On the first two occasions on which the Debtor(s) fail to comply with any of the terms as set forth above, the stay shall automatically terminate with respect to Deere after the expiration of seven (7) days from transmittal of written notice of same to RWE Services, LLC, Debtor, 1206 Delmarva Ct., Granbury, TX 76048, and upon Clayton Everett, Attorney for Debtor, Warren V. Norred, 515 E. Border St., Ste 163, Arlington, TX 76010, if such default is not cured within said time period.

Upon the occasion of the third default by the Debtor(s) under the terms as set forth above, the stay will automatically terminate with respect to Deere.

In addition, if the automatic stay lifts with respect to Deere in the Byron Walker bankruptcy case, Case No. 25-40278-mxm11, then the automatic stay in this case lifts as to the property for which the automatic stay has lifted in that case.

If the automatic stay lifts with respect to Deere, it shall be allowed to exercise its state law remedies, including, without limitation, to foreclose upon, repossess and resell its collateral, including its cross-collateralized collateral, to-wit:

    One (1) 2022 John Deere 5100E Cab Utility Tractor, SIN 1P05100ECN5070572;
    One (1) 2022 John Deere R15 Rotary Cutter, SIN 1P00R15ELNC003021;
    One (1) 2022 John Deere 5100E Cab Utility Tractor, SIN 1P05100EPN5071278;
    One (1) 2022 John Deere 5100E Cab Utility Tractor, SIN 1P05100EVN5071285;
    One (1) 2022 John Deere FC15R Flex Wing Rotary Cutter, SIN 1P0FC3REENC000463;
    One (1) 2022 John Deere FC15R Flex Wing Rotary Cutter, SIN 1P0FC3REKNC000307;
    One (1) 2022 John Deere FC15R Flex Wing Rotary Cutter, SIN 1P0FC3REJNC001071, and
    One (1) 2023 John Deere 5100E Cab Tractor, SIN FT4 1P05100EPP6073125,

applying the proceeds of the sale to the loan balances secured thereby. Movant shall be allowed to file a Amended Proofs of Claim for any deficiency balances resulting after the sale of the collateral.

IT IS FURTHER ORDERED that the requirement under Bankruptcy Rule 4001(a)(3) will

not apply and this Order may be enforced immediately upon entry.

###End of Order###

PREPARED BY:

Sharon H. Sjostrom
BLALACK & WILLIAMS, P.C.
4851 LBJ Freeway, Ste. 750
Dallas, TX 75244
214/630-1916; 214/630-1112 (fax)
Attorneys for Deere & Company
d/b/a John Deere Financial

APPROVED AS TO FORM:

| BLALACK & WILLIAMS, P.C. | NORRED LAW, PLLC |
| Attorneys for Movant | Proposed Attorneys for Debtor(s) |
| | |
| /s/ Sharon H. Sjostrom | /s/ Clayton Everett, by SHS with permission |
| Sharon H. Sjostrom, ID #09836700 | Clayton Everett, ID # 24065212 |
| 4851 LBJ Freeway, Suite 750 | 515 E. Border St., Ste. 163 |
| Dallas, TX 75244 | Arlington, TX 76010 |
| 214/630-1916; 214/630-1112 (fax) | 817/704-3984 |
| ssjostrom@blalack.com | clayton@norredlaw.com |