Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Debtor

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re:<br>RWE Services, LLC<br><center>Debtor</center> | Case No. 25-43579-elm11<br><br>Chapter 11<br><br>Subchapter V Case |

## AMENDED SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BNKRUPTCY JUDGE:

### ARTICLE I – INTRODUCTION AND OVERVIEW

RWE Services, LLC (the "Debtor") proposes this Amended Subchapter V Chapter 11 Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1181–1195. The Debtor seeks to reorganize its financial affairs while continuing operations as a going concern. This Plan is intended to be confirmable under either 11 U.S.C. § 1191(a) (consensual) or, if necessary, 11 U.S.C. § 1191(b) (nonconsensual cramdown).

The Debtor is a Texas limited liability company employing approximately ten (10) employees. The Debtor operates a soil stabilization and vegetation-management business serving construction, energy, and agricultural clients throughout Texas and surrounding states. The Debtor's operations depend on specialized spraying equipment, tractors, loaders, and related machinery that are essential to generating revenue.

## ARTICLE II – JURISDICTION, VENUE, AND STATUTORY BASIS

This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

This Plan is filed pursuant to 11 U.S.C. §§ 1121, 1123, and Subchapter V of Chapter 11, including §§ 1181–1195.

## ARTICLE III – SUBCHAPTER V ELIGIBILITY

The Debtor is eligible to proceed under Subchapter V pursuant to 11 U.S.C. § 1182. The Debtor is engaged in commercial and business activities, and its aggregate noncontingent liquidated secured and unsecured debts fall below the statutory debt limit. The Debtor timely elected treatment under Subchapter V.

Behrooz P. Vida has been appointed as the Subchapter V trustee.

## ARTICLE IV – CLASSIFICATION OF CLAIMS AND INTERESTS

**Class 1 – Administrative Expense Claims**

Administrative Expense Claims, including professional fees approved by the Court, shall be paid in full on the Effective Date or as otherwise ordered by the Court.

**Class 2 – Secured Claims (Equipment Lenders)**

This class includes secured claims held by John Deere Financial and Cat Financial, which are secured by equipment essential to the Debtor's operations, including tractors, rotary cutters, and loaders. These claims are impaired.

**Class 2A – John Deere Financial**

John Deere Financial ("Deere") holds secured claims arising from multiple Retail Installment Contracts secured by cross-collateralized liens on certain agricultural equipment, including but not limited to tractors and rotary cutters (the "Equipment").

The Debtor acknowledges that Deere asserts indebtedness in excess of $264,000 secured by the Equipment, with a combined estimated wholesale value of approximately $252,300, subject to further determination under 11 U.S.C. §506.

The Equipment constitutes a single cross-collateralized pool securing all Deere obligations. The Deere obligations refer to all cross-collateralized obligations secured by the Equipment described in the Deere Motion for Relief from Stay.

**Class 2B – Caterpillar Financial Services Corporation**

Caterpillar Financial Services Corporation ("CAT Financial") holds a secured claim arising from Installment Sale Contract No. 001-70104178 relating to a 2023 Caterpillar 289D3 Compact Track Loader, serial number JX914177.

**Class 3 – Priority Tax Claims**

This class includes Allowed Priority Tax Claims under 11 U.S.C. § 507(a)(8), including any allowed claim held by the Texas Workforce Commission. This class is impaired.

**Class 4 – General Unsecured Claims**

This class includes all Allowed General Unsecured Claims, including claims held by Forward Financing, Red River Specialties, WEX Bank, and other trade creditors. This class is impaired.

**Class 5 – Equity Interests**

All equity interests in the Debtor. This class is impaired. Equity holders shall retain their interests pursuant to 11 U.S.C. § 1181(a).

### ARTICLE V – TREATMENT OF CLAIMS AND INTERESTS

A. **Administrative Expense Claims (Class 1) –** Allowed Administrative Expense Claims shall be paid in full on the Effective Date or on such other terms as agreed or ordered by the Court.

B. **Secured Claims (Class 2) –** Except as otherwise specifically provided in Class 2A, 2B, and 2C, each holder of an Allowed Secured Claim shall retain its lien securing such claim until the Allowed Secured Claim is paid in full under this Plan. The Debtor proposes to **cram down each secured claim to the value of the collateral** securing such claim, with the secured portion amortized over thirty-six (36) months from the Effective Date. Payments shall bear interest at a rate determined under *Till v. SCS Credit Corp.*, equal to the national prime rate plus an appropriate risk adjustment. Any unsecured deficiency portion of a secured claim shall be treated as a Class 4 General Unsecured Claim. Confirmation of this Plan shall provide secured creditors with the indubitable equivalent of their secured claims. The equipment securing these claims is essential to the Debtor's continued operations.

**Secured Claims Class 2A** – John Deere Financial

1. **Allowed Secured Claim.** Deere shall be allowed a secured claim in an amount equal to the value of its collateral as determined under §506(a), estimated for plan purposes at **$252,300**, subject to objection or further order of the Court.

2. **Interest Rate**. The allowed secured claim shall accrue interest at the Till rate, presently estimated at Prime plus 1.00%, subject to confirmation evidence.

3. **Payment Terms.** Beginning on the Effective Date, the allowed secured claim shall be paid in equal monthly installments over a term not exceeding **thirty-six (36) months**, consistent with the Court's adequate protection order.

4. **Estimated Payment Amount**. For plan purposes and to satisfy compliance with the Agreed Order on Deere's Motion for Relief from Stay, the monthly payment shall be **$7,400**, subject to adjustment only upon confirmation.

5. **Adequate Protection Transition.** Adequate protection payments previously ordered shall be credited toward the allowed secured claim and shall transition into plan payments upon the Effective Date without interruption.

6. **Attorney Fees.** Deere's allowed post-petition fees of **$2,800**, as authorized by Court order, shall be added to the secured claim and amortized over the repayment term.

7. **Lien Retention.** Deere shall retain its liens until payment in full of the allowed secured claim.

8. **Deficiency Claim.** Any portion of Deere's claim not allowed as secured shall be treated as a general unsecured claim in Class 4.

**Secured Claims Class 2B - Caterpillar Financial Services Corporation**

1. **Allowed Secured Claim**. Caterpillar Financial Services Corporation ("CAT Financial") shall hold an allowed secured claim in the amount of **$60,000**, representing the value of the 2023 Caterpillar 289D3 Compact Track Loader as asserted in Proof of Claim No. 10, subject to objection and final determination under 11 U.S.C. § 506(a).

2. **Interest Rate.** The allowed secured claim shall accrue interest at the Till rate, presently estimated at the national prime rate plus 1.00%, subject to adjustment based upon evidence presented at confirmation.

3. **Payment Terms**. Beginning on the Effective Date, the allowed secured claim shall be amortized in equal monthly installments over a term of sixty (60) months. Payments on account of this claim may extend beyond the Plan's disposable-income commitment period, and CAT Financial shall retain its lien until payment in full of the allowed secured claim.

4. **Monthly Payment**. For plan feasibility purposes, monthly payments are estimated at approximately $1,210, subject to adjustment upon confirmation based on the final interest rate and allowed secured amount.

5. **Lien Retention.** CAT Financial shall retain its lien on the Loader and related collateral until payment in full of the allowed secured claim as provided herein.

6. **Deficiency Claim.** Any portion of CAT Financial's claim not allowed as secured shall be treated as a Class 4 General Unsecured Claim.

**Secured Claims Class 2C - PlainsCapital Bank (Business Assets – Claim 12)**

1. **Allowed Secured Claim**. PlainsCapital Bank shall hold an allowed secured claim in the amount of approximately **$341,889.28**, subject to objection and final determination under 11 U.S.C. § 506(a).

2. **Interest Rate.** The allowed secured claim shall bear interest at the Till rate, presently estimated at the national prime rate plus 1.00%.

3. **Payment Terms**. Beginning on the Effective Date, the allowed secured claim shall be amortized in equal monthly installments over a term of **sixty (60) months**.

4. **Monthly Payment**. For plan feasibility purposes, monthly payments are estimated to be approximately **$6,700–$7,000**, subject to adjustment at confirmation based upon the final allowed secured amount and interest rate.

5. **Lien Retention.** PlainsCapital Bank shall retain its liens on all collateral described in Proof of Claim No. 12 until payment in full.

6. **Deficiency Claim.** Any portion of the claim not allowed as secured shall be treated as a Class 4 General Unsecured Claim.

C. **Priority Tax Claims (Class 3)** – Allowed Priority Tax Claims shall be paid in full through deferred cash payments over a period not exceeding five (5) years from the Petition Date, as required by 11 U.S.C. § 1129(a)(9)(C), as incorporated by 11 U.S.C. § 1191.

D. **General Unsecured Claims (Class 4)** – Allowed General Unsecured Claims shall receive a pro rata distribution from the Debtor's projected disposable income over the thirty-six (36) month Plan term. Distributions to this class are expected to be modest but exceed the recovery available in a hypothetical Chapter 7 liquidation.

E. **Equity Interests (Class 5)** – Equity interests shall be retained by existing equity holders. No distributions shall be made on account of equity interests.

## ARTICLE VI – MEANS OF IMPLEMENTATION AND FUNDING

The Plan shall be funded through the Debtor's ongoing business operations. The Debtor anticipates increased revenue based on modifications to an existing Williams contract expected to increase annual revenue by approximately $200,000.

The Debtor shall commit all projected disposable income, as defined in 11 U.S.C. § 1191(d), to payments under this Plan for a period of thirty-six (36) months. Monthly plan payments shall be in an amount sufficient to amortize Allowed Secured Claims and Allowed

Priority Claims over thirty-six (36) months, while providing an approximate ten percent (10%) dividend to Allowed General Unsecured Claims. Plan payments shall be made in amounts sufficient to amortize Allowed Secured Claims and Allowed Priority Claims, with remaining disposable income distributed to Class 4 General Unsecured Creditors.

RWE Services, LLC shall continue making the regular contractual payments on the PlainsCapital Bank real-estate loan, which is formally treated in the Walker Plan, as part of the Debtor's operational expenses.

### Illustrative Payment Projection (Non-binding)

For illustrative purposes only, and without limiting the Debtor's obligations to commit all projected disposable income under § 1191(d), the Debtor provides the following estimated allocation of monthly Plan payments based on currently scheduled claims and anticipated interest rates:

Following confirmation, projected secured debt service is estimated to total approximately $15,300 to $15,600 per month, consisting primarily of payments to John Deere Financial ($7,400), Caterpillar Financial Services (approximately $1,210), and PlainsCapital Bank Claim 12 (approximately $6,700–$7,000), subject to adjustment upon final confirmation.

These figures are estimates only and are subject to adjustment based on (i) the allowance or disallowance of claims, (ii) final determinations of collateral value, (iii) the applicable interest rate under *Till v. SCS Credit Corp.*, and (iv) actual projected disposable income. Nothing herein shall be construed as limiting the Debtor's obligation to commit all projected disposable income to Plan payments.

The Debtor will supplement this Plan prior to confirmation with updated financial projections reflecting anticipated revenue, expenses, and plan payments. Such projections will be

provided for informational purposes to assist the Court and parties in interest in evaluating feasibility and will not modify the Debtor's obligation to commit all projected disposable income under 11 U.S.C. § 1191(d).

### ARTICLE VII – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Sandero Ranch office lease shall be assumed on a month-to-month basis. All executory contracts and unexpired leases not expressly rejected prior to confirmation are assumed.

### ARTICLE VIII – LIQUIDATION ANALYSIS

In a hypothetical Chapter 7 liquidation, the Debtor estimates that its assets have a gross value of approximately $370,500. Such assets are substantially encumbered by secured liens. After payment of secured claims, administrative expenses, and liquidation costs, general unsecured creditors would receive little to no distribution. Accordingly, this Plan provides general unsecured creditors with at least as much as they would receive under Chapter 7, satisfying 11 U.S.C. § 1129(a)(7).

### ARTICLE IX – FEASIBILITY

This Plan is feasible within the meaning of 11 U.S.C. §§ 1129(a)(11) and 1191(c). The Debtor is a going concern with experienced management, essential equipment, stable customer relationships, and anticipated revenue growth. Confirmation of this Plan is not likely to be followed by liquidation or the need for further financial reorganization.

### ARTICLE X – CONFIRMATION AND CRAMDOWN

If all impaired classes do not accept this Plan, the Debtor seeks confirmation under 11 U.S.C. § 1191(b). The Plan does not discriminate unfairly and is fair and equitable because:

1. Secured creditors retain their liens and receive payments equal to the value of their collateral; and

2. General unsecured creditors receive distributions from all projected disposable income over the Plan term.

## ARTICLE XI – DISCHARGE

Upon completion of all payments due under this Plan, the Debtor shall receive a discharge pursuant to 11 U.S.C. § 1192.

## ARTICLE XII – RETENTION OF JURISDICTION

The Court shall retain jurisdiction to interpret, implement, and enforce this Plan, to resolve disputes, and to enter any orders necessary to effectuate the provisions of this Plan.

## ARTICLE XIII – MISCELLANEOUS PROVISIONS

A. **Modification –** The Debtor may modify this Plan pursuant to 11 U.S.C. § 1193.

B. **Severability –** If any provision of this Plan is held invalid, the remaining provisions shall remain in full force and effect.

Dated: February 18, 2026.                               Respectfully submitted:

*/s/ Clayton L. Everett*
Clayton L. Everett
State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Counsel for RWE Services LLC