Matthew T. Taplett
State Bar No. 24028026
Pope, Hardwicke, Christie, Schell,
  Kelly & Taplett, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No.: (817) 332-3245
Facsimile No.: (817) 877-4781
E-mail:  mtaplett@popehardwicke.com
Attorneys for PLAINSCAPITAL BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-43579-elm11 |
| RWE SERVICES, LLC | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | Subchapter V |

**OBJECTION OF PLAINSCAPITAL BANK TO DEBTOR'S AMENDED
SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, PlainsCapital Bank ("PCB), a party-in-interest in this bankruptcy case, and

files this Objection to Debtor's Amended Subchapter V Chapter 11 Plan of Reorganization [Docket

No. 39] (the "Amended Plan"), and in support thereof would respectfully show the Court as follows:

**I.**

**BACKGROUND**

1.      On September 19, 2025 (the "Petition Date"), RWE Services, LLC (the "Debtor")

commenced this case by filing a voluntary petition for relief under Chapter 11, Subchapter V of

Title 11 of the United States Code.

2.      Debtor RWE Services, LLC is not an obligor or guarantor of PCB, Debtor has not

pledged any collateral to PCB as security of any indebtedness to PCB, PCB is not scheduled as a

creditor in Debtor's bankruptcy case, and PCB otherwise has no relationship to Debtor.

Nevertheless, the Amended Plan appears to provide for the treatment of certain claims held by PCB against a non-debtor.

3.      PCB is a secured creditor of Byron Earl Walker ("Walker") pursuant to that one certain Commercial Promissory Note dated January 19, 2024, executed by Walker and payable to PCB in the original principal amount of $375,000.00 (the "First Note").  As security for the payment of the First Note, Walker and Celina Jill Walker executed a Commercial Security Agreement dated January 19, 2024, wherein they pledged a security interest for the benefit of PCB in that one certain 2023 Lakota C8313SR Trailer, Vehicle Identification No. 58JGX3H23P1000455 (the "Trailer").  As further security for the payment of the First Note, Walker Cutting Horses, LLC ("WCH") (a company owned by Walker) executed an Hypothecation Agreement Security Agreement-Pledge and a related Commercial Security Agreement both dated January 19, 2024, wherein WCH pledged a security interest for the benefit of PCB in all farm products. equipment, accounts, general intangibles and three cutting horses owned by WCH as more fully described therein (collectively, the "WCH Personal Property").  As further security for the payment of the First Note, Walker executed a Commercial Security Agreement dated January 19, 2024, wherein Walker pledged a security interest for the benefit of PCB in the Trailer and a 2022 Ram 3500 Dually Pickup, Vehicle Identification No. 3C63RRMLXNG195059 (the "Truck").  The amount due and owing on the First Note is not less than $341,889.28. On April 3, 2025, PCB timely filed Proof of Claim No. 12 in the Chapter 11 bankruptcy case filed by Walker styled, *In re Byron Earl Walker, Case No. 25-40278, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division* (the "Walker Bankruptcy Case") evidencing the secured claim under the First Note, and the perfected liens related thereto, a true and correct copy of which is attached hereto as Exhibit "A."

4.      Walker is also indebted to PCB pursuant to that one certain Promissory Note dated November 26, 2024, executed by Walker and payable to PCB in the original principal amount of

$700,000.00 (the "Second Note").  As security for the payment of the Second Note, WCH executed a Deed of Trust dated November 26, 2024, recorded as Instrument No. 2024-0016106, Official Public Records, Hood County, Texas (the "Deed of Trust"), wherein WCH pledged a lien on the real property located at 2250 Campbell Road, Tolar, Texas 76476 (the "WCH Real Property").  The amount due and owing on the Second Note is not less than $702,795.41.  On April 3, 2025, PCB timely filed Proof of Claim No. 13 in the Walker Bankruptcy Case evidencing the secured claim under the Second Note, and the perfected lien related thereto, a true and correct copy of which is attached hereto as Exhibit "B."

## II.

## THE AMENDED PLAN AND OBJECTION

5.	The Amended Plan [Docket No. 113] was filed February 18, 2026.  As it pertains to PCB, the Amended Plan proposes as follows:

**Secured Claims Class 2C - PlainsCapital Bank (Business Assets – Claim 12)**

**1. Allowed Secured Claim. PlainsCapital Bank shall hold an allowed secured claim in the amount of approximately $341,889.28, subject to objection and final determination under 11 U.S.C. § 506(a).**

**2. Interest Rate. The allowed secured claim shall bear interest at the Till rate, presently estimated at the national prime rate plus 1.00%.**

**3. Payment Terms. Beginning on the Effective Date, the allowed secured claim shall be amortized in equal monthly installments over a term of sixty (60) months.**

**4. Monthly Payment. For plan feasibility purposes, monthly payments are estimated to be approximately $6,700–$7,000, subject to adjustment at confirmation based upon the final allowed secured amount and interest rate.**

**5. Lien Retention. PlainsCapital Bank shall retain its liens on all collateral described in Proof of Claim No. 12 until payment in full.**

**6. Deficiency Claim. Any portion of the claim not allowed as secured shall be treated as a Class 4 General Unsecured Claim.**

**RWE Services, LLC shall continue making the regular contractual payments on the PlainsCapital Bank real-estate loan, which is formally treated in the Walker Plan, as part of the Debtor's operational expenses.**

6.      To confirm a proposed plan of reorganization, the plan proponent must demonstrate that the plan meets all the requirements of 11 U.S.C. § 1129(a) by a preponderance of the evidence. If the proponent of a plan does not comply with the applicable provisions of Title 11, then the plan cannot be confirmed.  However, if all the applicable requirements of subsection (a) other than paragraph (8) are met, the court shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims impaired under the plan that has not accepted the plan.  11 U.S.C. § 1129(b)(1).

7.      The Amended Plan proposes to pay the Class 2C claim, which is presumably the claim arising under the First Note.  PCB objects to this proposed treatment because Debtor RWE Services, LLC is not an obligor or guarantor of PCB, Debtor did not pledge any collateral to PCB as security of the First Note or Second Note, PCB is not listed as a creditor in this bankruptcy case, and PCB otherwise has no relationship to Debtor.  PCB further objects to any attempt by Debtor to alter the obligor under this claim, which is Walker.  PCB further objects because the Amended Plan is ambiguous and confusing as it relates to the specific treatment of this claim.  This claim is also oversecured and PCB objects to any treatment that fails to provide payment of all post-petition interest, and reasonable fees, costs, or charges provided for under the parties' pre-petition loan agreement.

8.      PBS further objects to any proposed treatment of the Second Note in this Amended Plan because Debtor RWE Services, LLC is not an obligor or guarantor of PCB, Debtor did not pledge any collateral to PCB as security of the First Second Note or Second Note, PCB is not listed as a creditor in this bankruptcy case, and PCB otherwise has no relationship to Debtor.  PCB further objects to any attempt by Debtor to alter the obligor under this claim, which is Walker.  PCB further

objects because the Amended Plan is ambiguous and confusing as it relates to the specific treatment of this claim.  This claim is also oversecured and PCB objects to any treatment that fails to provide payment of all post-petition interest, and reasonable fees, costs, or charges provided for under the parties' pre-petition loan agreement.

9.      Based upon an appraisal obtained by PCB, among other evidence, the value of the WCH Real Property is not less than $1,107,500.00, the value of the WCH Personal Property is not less than $450,000.00, the value of the Trailer is not less than $115,000.00, and the value of the Truck is not less than $60,000.00.  PCB objects to the Amended Plan to the extent it undervalues PCB's secured claims.  PCB further objects to the Amended Plan under 11 U.S.C.§506(a)(1) to the extent the Amended Plan seeks to modify PCB's rights under the First Note and Second Note by providing payment of less than the full amount of PCB's allowed secured claims.

10.     Newtek also objects to the Amended Plan under 11 U.S.C.§§1129(a)(7)(a)(ii) and (b)(2)(A)(i)(I) and (II), to the extent PCB will receive or retain under the Amended Plan on account of its claims property of a value that is less than the amount PCB would receive or retain if Debtor or Walker or WCH were liquidated under Chapter 7, and to the extent PCB will receive deferred cash payments totaling a value that is less than the value of PCB's liens in the WCH Real Property, the WCH Personal Property, the Trailer and the Truck.  PCB also objects to the Amended Plan to the extent the Amended Plan does not provide that PCB will receive the indubitable equivalent of its claims under 11 U.S.C.§§1129(b)(2)(A)(iii).

11.     11 U.S.C. §506(b) provides that, "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."  11 U.S.C. §506(b). On information and belief, PCB is an

oversecured creditor (<u>albeit not of Debtor</u>) with regard to both of its claims described above and, to the extent it is, PCB is entitled under 11 U.S.C. §506(b) to interest on its secured claims at the contractual variable rates, and PCB is entitled to recover all reasonable fees (including attorneys' fees), costs, and charges provided for under the parties' pre-petition loan agreements.  PCB objects to the Amended Plan because, to the extent PCB is oversecured, it modifies the contractual rates of interest set forth in the pre-petition loan agreements and the Amended Plan does not provide payment to PCB of all reasonable post-petition fees (including attorneys' fees), costs, and charges provided for under the parties' pre-petition loan agreements.

12.     The Amended Plan does not specify what rights and remedies are available to PCB in the event Debtor defaults on the Amended Plan.  Specifically, PCB objects to the Amended Plan because it does not allow PCB to enforce its rights and remedies against the collateral securing PCB's claims, including by judicial or non-judicial foreclosure, in the event Debtor defaults under the terms of the Amended Plan and fails to cure such default following written notice and opportunity to cure.  Newtek also objects to the Amended Plan under 11 U.S.C. §1191 (c)(3)(B) because the Amended Plan does not provide appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interest in the event that payments are not made.

13.     PCB objects to the Amended Plan because it does not require Walker and/or WCH to continue to satisfy the non-payment covenants of the parties' pre-petition loan documents, including, without limitation, insuring and paying property taxes, as applicable.

14.     PCB objects to the Amended Plan to the extent it seeks to obtain a discharge for the benefit of Walker, or presumably Debtor, from the secured claims evidenced by the First Note and Second Note without proper payment thereof as set forth in this Objection.

15.     PCB objects to the Amended Plan to the extent the Plan does not meet the

requirements of 11 U.S.C. §§ 1129 and 1191, or any other section of Title 11, in any other way not specifically set out herein.

16.     PCB objects to confirmation of the Amended Plan to the extent it seeks or purports to alter the terms of the parties' loan documents in any manner, including, without limitation, altering the party obligated to make payment under the terms of the parties' loan documents (*i.e.* Walker) and the owner of the collateral pledged to PCB as reflected and represented in the parties' loan documents.

17.     PCB objects to confirmation of the Amended Plan because, on information and belief, no ballots were provide to creditors or other interested parties, including PSB, and no deadlines were set by the Court to object to the Amended Plan, to submit ballots, or make other elections provided for under the Bankruptcy Code.

18.     PCB objects to any attempt by Debtor to enjoin or prevent PCB from enforcing its lien rights in collateral pledged by Walker or WCH without payment in full of the First Note and Second Note.

19.     PCB objects to any attempt by Debtor to cramdown the amounts due and owing under the First Note and Second Note.

WHEREFORE, PREMISES CONSIDERED, PlainsCapital Bank prays that the Court consider this Objection, and grant such other and further relief, at law or in equity, to which PlainsCapital Bank may show itself to be justly entitled.

Dated: April 10, 2026

Respectfully submitted,

POPE, HARDWICKE, CHRISTIE, SCHELL,
  KELLY & TAPLETT, L.L.P.


By: ___/s/ Matthew T. Taplett___
Matthew T. Taplett
State Bar No. 24028026

500 W. 7th Street, Suite 600
Fort Worth, Texas  76102
Telephone No. (817) 332-3245
Facsimile No.  (817) 877-4781

ATTORNEY FOR PLAINSCAPITAL BANK

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of April 2026, a true and correct copy of this document was served via the ECF system or by U.S. first class mail, postage prepaid, on the following:

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

Clayton Everett
Warren V. Norred
515 W. Border St., Suite 163
Arlington, TX 76010

Behrooz P. Vida – SBRA V
3000 Central Dr.
Bedford, TX 76021

RWE Services, LLC
1206 Delmarva Ct.
Granbury, TX 76048

All other parties requesting notice.

_____

*/s/ Matthew T. Taplett*
By: Matthew T. Taplett