RWE's Exhibit G

Page 1 of 6

# United States Bankruptcy Court

### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Byron Earl Walker<br>Debtor | Case No. 25-40278-mxm11<br><br>Chapter 11<br><br>Subchapter V Case |

## ORDER CONFIRMING AMENDED SUBCHAPTER V PLAN FOR BYRON EARL WALKER

ON THIS DAY the Court considered for confirmation the Amended Plan of

Reorganization Under Subchapter V of Chapter 11 [Dkt. 113] and the Non-Material

Modification to Plan Regarding Treatment of PlainsCapital Bank [Dkt. 120] (collectively, the

"Plan") filed by Byron Earl Walker (the "Debtor").

The Court finds that:

1. Due and proper notice of the Plan and the confirmation hearing was provided to

    all creditors and parties-in-interest.

Case 25-43579-elm11   Doc 51-7   Filed 05/20/26   Entered 05/20/26 16:06:34   Desc
Order Confirming Plan submitted in Byron Earl Walkers related Case No. 25-40278   Page 2 of 6

RWE's Exhibit G

Page 2 of 6

2. The Plan complies with the applicable provisions of the Bankruptcy Code, including the requirements of 11 U.S.C. §§ 1122, 1123, 1129(a) (other than § 1129(a)(8)), and 1191.

3. The Plan is feasible and provides that the Debtor will contribute all projected disposable income for a period of five (5) years to the payment of claims under the Plan.

4. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plan is hereby CONFIRMED under 11 U.S.C. § 1191(b).

IT IS FURTHER ORDERED Pursuant to 11 U.S.C. § 1181(a) and the terms of this Order, the services of the Subchapter V Trustee, Frances A. Smith, shall be terminated as of the Effective Date of the Plan. The Reorganized Debtor shall serve as disbursing agent to make the payments under the Plan.

IT IS FURTHER ORDERED that all Class 3A Claims are co-obligor claims and shall be primarily treated and paid pursuant to Class 2A of the confirmed plan of RWE Services, LLC (Case No. 25-43579-elm11). The Claims (consisting of POC Nos. 1, 2, 3, and 4 in the RWE Services, LLC case and POC No. 8 in this case) shall be paid in full in 36 equal monthly installments with interest at 7.75% per annum. Payments made by RWE Services, LLC shall reduce the Debtor's obligation dollar-for-dollar. John Deere Financial shall retain its pre-petition liens and default rights as set forth in the confirmed plan and confirmation order of RWE Services, LLC.

Case 25-43579-elm11   Doc 51-7   Filed 05/20/26   Entered 05/20/26 16:06:34   Desc
Order Confirming Plan submitted in Byron Earl Walkers related Case No. 25-40278   Page 3 of 6

RWE's Exhibit G
Page 3 of 6

Claimant John Deere Financial shall retain its pre-petition liens until paid in full. In the event of default, the Claimant shall provide notice of default, and the Debtor shall have 10 days to cure. Upon a third event of default, or if the first or second default are not timely cured, the Claimant may collect all amounts and recover collateral pursuant to state law without further notice. Failure to pay post-petition business personal property taxes prior to delinquency shall constitute an event of default.

IT IS FURTHER ORDERED that PlainsCapital Bank ("PCB") shall have an allowed secured claim of $702,795.41, as reflected in POC No. 13. After allowing for all post-petition payments and any post-petition interest, fees, costs, and charges under 11 U.S.C. § 506(b), the amount of this allowed secured claim as of May 20, 2026, is $678,608.82. Beginning on the Effective Date and continuing on the same day of each month thereafter through the maturity date set forth below, the Debtor shall make monthly payments of $5,794.37 and interest shall accrue on this allowed secured claim at a fixed interest rate of 7.75% per annum from and after the Effective Date. This loan shall mature on November 26, 2029, at which time all remaining principal, accrued interest, fees and costs shall be due in a final balloon payment. PCB shall retain its liens and default rights as provided in the pre-petition loan documents.

IT IS FURTHER ORDERED that PCB shall have an allowed secured claim of $341,889.28, as reflected in POC No. 12. After allowing for all post-petition payments and any post-petition interest, fees, costs, and charges under 11 U.S.C. § 506(b), the amount of this allowed secured claim as of May 20, 2026, is $302,919.75. Beginning on the Effective Date and continuing on the same day of each month thereafter through the maturity date set forth below, The Debtor shall make monthly payments of $7,225.00 and interest shall accrue on this allowed secured claim at a fixed interest rate of 7.75% per annum from and after the Effective Date. This

Case 25-43579-elm11   Doc 51-7   Filed 05/20/26   Entered 05/20/26 16:06:34   Desc
Order Confirming Plan submitted in Byron Earl Walkers related Case No. 25-40278   Page 4 of 6

RWE's Exhibit G
Page 4 of 6

loan shall also mature on November 26, 2029, at which time all remaining principal, accrued interest, fees and costs shall be due in a final balloon payment. PCB shall retain its liens and default rights as provided in the pre-petition loan documents.

IT IS FURTHER ORDERED that Debtor shall remain current on all taxes, insurance, and other obligations required under the pre-petition loan documents with PCB. In the event of a default, PCB shall provide written notice to Debtor at 1206 Delmarva Ct., Granbury, TX 76048 and the Debtor shall have ten (10) days to cure monetary defaults and thirty (30) days to cure non-monetary defaults. If not timely cured, PCB may exercise all rights and remedies under the parties' pre-petition loan documents and applicable non-bankruptcy law without further notice or Order of the Bankruptcy Court.

IT IS FURTHER ORDERED that, notwithstanding the prior termination of the automatic stay, the Debtor is authorized to retain the two 2023 Dodge Ram 2500 pickup trucks (VIN ...9312 and VIN ...9313) and shall resume regular monthly contract payments pursuant to the Plan from and after the Effective Date. To eliminate all outstanding pre- and post-petition defaults, the Debtor shall deliver a lump-sum cure payment covering all outstanding arrears and verified reasonable attorney's fees to TD Bank's counsel within five business days following the entry of this Order, thereby reinstating the underlying loan obligations in good standing.  Failure to timely make this cure payment shall be a final default and TD Bank shall be authorized to immediately exercise all state law enforcement rights and remedies against the vehicles, including peaceful repossession and liquidation, without further notice, opportunity to cure, or further Order of this Court.

IT IS FURTHER ORDERED that if the Debtor fails to make any post-confirmation payment other than the cure payment set forth above, or otherwise defaults under the surviving

RWE's Exhibit G
Page 5 of 6

contract terms, TD Bank must provide written notice of default to the Debtor and Debtor's counsel via email (clayton@norredlaw.com and angela@norredlaw.com), and the Debtor shall have ten calendar days from transmission to fully cure the default. This right to written notice and an opportunity to cure is strictly limited to a maximum of two separate post-confirmation defaults over the life of the Plan. Upon the occurrence of a third payment default, or upon the failure to timely cure either of the first two defaults within the ten-day window, TD Bank's obligation to provide notice or a cure opportunity shall immediately terminate, and TD Bank is authorized to immediately exercise all state law enforcement rights and remedies against the vehicles, including peaceful repossession and liquidation, without further notice, opportunity to cure, or further Order of this Court.

IT IS FURTHER ORDERED that allowed General Unsecured Claims shall receive pro rata distributions from the Debtor's projected disposable income over 60 months, estimated at $2,177.03 per month, providing an approximate 10% dividend.

IT IS FURTHER ORDERED that the Plan shall be funded through distributions from RWE Services, LLC. Shared obligations satisfied by RWE Services, LLC (including Deere and PCB Claim 12) shall be credited toward the satisfaction of this Plan.

**# # # End or Order # # #**

Respectfully submitted:

*/s/ Clayton L. Everett*
Clayton L. Everett
Texas State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Counsel for Byron Earl Walker

Approved as to form:

*/s/ Sharon H. Sjostrom*
Sharon H. Sjostrom
Texas State Bar No. 09836700
Blalack & Williams, PC
4851 LBJ Freeway, Suite 750
Dallas, TX 75244
214-630-1916; 214-630-1112 (fax)
ssjostrom@blalack.com
Counsel for John Deere Financial